# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

CONNECTUS LLC,
d/b/a EDEGREE ADVISOR,

       Plaintiff,

**Pending in the United States District Court, Middle District of Florida, Tampa Division**

v.

**CASE NO.: 8:15-cv-02778-VMC-JSS**

AMPUSH MEDIA, INC., and
DGS EDU, LLC,

       Defendants.

_____/

## NON-PARTY DIGITAL GLOBE SERVICES, INC.'S MOTION TO QUASH SUBPOENA *DUCES TECUM* AND MOTION FOR PROTECTIVE ORDER

Non-party, Digital Globe Services, Inc. ("DGS"), by and through its undersigned counsel, and pursuant to Rules 26(c) and 45(d) of Federal Rules of Civil Procedure, moves for an order quashing the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena for Documents") and the Subpoena to Testify at a Deposition in a Civil Action ("Subpoena for Deposition") (collectively, the "Subpoena") served by Plaintiff, Connectus LLC d/b/a Edegree Advisor's ("Plaintiff"), and further requests that this Court enter a protective order prohibiting the production and testimony of certain irrelevant and confidential commercial and financial information. In support of the relief requested, DGS states as follows:

## PRELIMINARY STATEMENT

In December of 2015, Plaintiff brought an action seeking damages and injunctive relief for an alleged misappropriation of its lead generation information against Defendants Ampush Media, Inc. ("Ampush") and DGS EDU, LLC ("DGS EDU"), the successor-in-interest of Ampush, and also a wholly-owned subsidiary of DGS. *See* Amended Complaint ("Am. Compl.") [Doc. No. 9], a copy of which is attached hereto as **Exhibit 1**. According to the Amended Complaint, the Plaintiff connects potential students with universities by collecting information from the students and matching them with Universities that meet the students' interests. *See id.* at ¶¶12-14. Plaintiff gets paid by the University for each prospective student lead. *See id.* at ¶18. Plaintiff alleges that Ampush and DGS EDU received leads that they did not pay for and then sold the leads valued at more than $19 million. *See id.* at ¶31.

As the Plaintiff's discovery deadline looms, on October 18, 2016, Plaintiff served the Subpoena without prior notice, on DGS's registered agent in Florida requiring DGS (1) to respond and produce responsive documents in Englewood, Colorado[1] on or before October 31, 2016 (or thirteen (13) days from the date of service), and (2) to appear for deposition in Englewood, Colorado on November 2, 2016 (or fifteen (15) days from the date of service) and provide testimony. A copy of the Subpoena is attached as **Exhibit 2**.

---

[1] DGS's principal place of business is in Castle Rock, Colorado, and seeks relief from this Court because compliance of the Subpoena is in Colorado, rather than the Middle District of Florida, where the case is pending and Subpoena was issued. *See* FED. R. CIV. P. 45(d)(3) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena . . . [and] [t]o protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena."); *see also* FED. R. CIV. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending—or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.").

The Subpoena is extremely broad and unduly burdensome and seeks discovery from non-party DGS that is neither relevant nor proportional to the issues raised in the Amended Complaint. More importantly, Plaintiff is seeking sensitive confidential and privileged information from the non-party DGS, including, among other things, over three (3) years of financial information (showing revenue, expenses, assets, liabilities, and sources), proprietary business strategy, insurance and indemnity records, commingling of DGS's funds with DGS EDU, and "exposure under the Telephone Consumer Protection Act." *See* Ex. 2, pp. 12-13, 21-22. Plaintiff cannot demonstrate any need for the requested information, especially non-party DGS's confidential financial information and documents related to DGS's purported legal exposure. In short, the wide-ranging scope of the Subpoena subjects DGS to an undue burden to produce irrelevant, confidential information within the short period requested. Accordingly, DGS respectfully requests that this Court quash the Subpoena, stay DGS's discovery obligations,[2] and enter a protective order prohibiting the production and disclosure of DGS's confidential financial and commercial information.

## MEMORANDUM OF LAW

## I.      LEGAL STANDARD

Rule 45(d)(3), Federal Rules of Civil Procedure states, "[t]o protect a person . . . affected by a subpoena," the court for the district where compliance is required may, on motion, quash or modify the subpoena if it "fails to allow a reasonable time to comply," "requires disclosure of privileged or other protected matter, if no exception or waiver applies," "subjects a person to

---

[2] Discovery is stayed pending resolution of a motion for protective order. *See* D.C.COLO.LCivR 30.2(a) ("Pending resolution of a motion or request for relief under Fed. R. Civ. P. 26(c). . .the discovery to which the motion or request is directed shall be stayed unless otherwise ordered. . . .").

undue burden," or requests the disclosure of "trade secret or other confidential . . . commercial information."    Additionally, "[o]nce the non-party shows that the requested information is confidential commercial information, 'the burden shifts to the requesting party to show a substantial need for the testimony or material that cannot be otherwise met without undue hardship. . . .'"   *DISH Network, L.L.C. v. WNET*, No. 13-CV-00832-PAB-KLM, 2014 WL 1628132, at *4 (D. Colo. Apr. 24, 2014) (explaining that in determining the substantial need for the requested confidential information, a court will evaluate a "number of factors, including: (1) the relevance of the requested information; (2) the requesting party's need for the information; (3) the breadth of the document request, the time period covered by it, and the particularity with which documents are described; and (4) the burden imposed on the responding party.").

With respect to protective orders, Federal Rule of Civil Procedure 26(c) confers broad discretion on the Court to decide when a protective order is appropriate and what degree of protection is required. *See Landco Equity Partners, LLC v. City of Colorado Springs, Colo*., 259 F.R.D. 510, 512 (D.Colo. 2009).   Under this Rule, for "good cause," a court may issue a protective order regarding discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."   The "good cause" standard of Rule 26(c) is "highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (citation omitted).   As a general rule, the "good cause" calculation requires the Court to balance the moving party's need for information against the injury that might result from unrestricted disclosure. *Landco*, 259 F.R.D. at 512.

Protective orders are properly granted where, as here, they are necessary to preclude the disclosure of, among other things, irrelevant and confidential commercial information. *See Straily v. UBS Fin. Servs., Inc.*, 2008 WL 5378148, *2-*3 (D.Colo. Dec. 23, 2008) (entering protective order precluding disclosure where the defendants sought via a non-party subpoena irrelevant information that the defendants had previously sought from the plaintiff over her objection, explaining that "plaintiff is entitled to request this court to preclude any inquiry into areas that are clearly outside the scope of appropriate discovery."),

## II.   GOOD CAUSE EXISTS FOR THIS COURT TO ENTER A PROTECTIVE ORDER TO PREVENT THE DISCLOSURE OF A NON-PARTY'S CONFIDENTIAL FINANCIAL AND COMMERCIAL INFORMATION.

A protective order is appropriate to prevent the disclosure of DGS's confidential financial and company information, as well as information related to other third parties, that is not relevant to the pending lawsuit. As explained herein, under Rule 26(c), the Court for "good cause," may issue a protective order regarding harassing and oppressive discovery demands, particularly to non-parties, and the "good cause" standard is "highly flexible." *Rohrbough*, 549 F.3d at 1321. And, as a general rule, the "good cause" calculation requires the Court to balance the moving party's need for information against the injury that might result from unrestricted disclosure. *Landco*, 259 F.R.D. at 512.

Here, DGS, as a non-party, is being asked to disclose extensive sensitive operational and financial information in a lawsuit, which has no relevance to the allegations made against the *parties* in the Amended Complaint. Plaintiff is seeking damages and injunctive relief for alleged misappropriation of its lead generation information, thus disclosure of financial information from non-party DGS would not be appropriate. *See F.D.I.C. v. Broom*, No. 12-CV-03145-PAB-MEH,

2013 WL 3381353, at *2 (D. Colo. July 8, 2013) (explaining that imposing a protective order is appropriate where the party seeking relief has an expectation of privacy).

Even worse, Plaintiff fails to properly limit, narrow, or organize the Subpoena and instead makes sweeping and vague requests that include, among other things, "[a]ll documents and communications relating to your control over management . . . financing of DGS EDU . . . commingling of [funds]," "observation of corporate formalities,"  "diversion of assets," and "payment of salaries." Ex. 2, p. 11.  These inquiries are harassing, inappropriate and irrelevant to the claims alleged in the Amended Complaint.   Accordingly,  DGS  has  established  good cause to receive protection from the Court to prevent the disclosure of this sensitive commercial and financial information, not relevant to the underlying proceeding.  *Id.* (stating that "protective orders issued pursuant to Rule 26(c) are common in litigation to protect sensitive information exchanged during the course of discovery, particularly when the documents reflect confidential financial information.") (citing *Lando*, *259* F.R.D. 510, 515 (D.Colo.2009)).

III.    **THE COURT SHOULD QUASH THE SUBPOENA BECAUSE IT IMPOSES AN UNDUE BURDEN ON DGS AND SEEKS CONFIDENTIAL FINANCIAL AND COMMERCIAL INFORMATION.**

At the outset, Plaintiff's Subpoena violates Rule 45(d) because Plaintiff failed to take reasonable steps to avoid imposing an undue burden or expense on DGS. FED. R. CIV. P. 45(d) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to  avoid  imposing  undue  burden  or  expense  on  a  person  subject  to  the  subpoena.").   The Subpoena not only demands the production and disclosure of information from a non-party so broad that it would take weeks, not days, to assemble and produce, but also seeks proprietary

information relating to non-party DGS's financials, business operations, and legal exposure without any justification.

Specifically, Plaintiff's Subpoena for Documents includes the following broad and burdensome requests:

1.  All communications relating to: (a) Plaintiff, (b) the above captioned action, (c) the storage, acquisition, use and sale of lead-related information obtained from Plaintiff, (d) any insurance or indemnity obligations to Ampush or DGS EDU, LLC, (e) any contracts with Ampush or DGS EDU, LLC, (f) exposure under the Telephone Consumer Protection Act of 1991.

2.  All financial reports, statements, or records relating to you, DGS EDU, LLC, and Digital Globe Services Ltd., covering any portion of the period between April 1, 2013 and October 30, 2016, including documents sufficient to show revenues, expenses, assets, liabilities, and sources of funding for you, DGS EDU LLC, and Digital Globe Services Ltd.[3]

3.  All communications relating to the acquisition of DGS EDU, LLC, or Ampush's educational business unit.

4.  All documents[4] and communications relating to your control over the management and activities of DGS EDU, LLC, including any financing of DGS EDU, LLC, by you, any commingling of your and DGS EDU, LLC's funds, any payment of salaries of DGS EDU, LLC's employees by you, your capitalization of DGS EDU, LLC, your observation of corporate formalities, the role of your officers and directors in managing DGS EDU LLC, your keeping of

---

[3] Digital Globe Services, Ltd. is a separate non-party that the Plaintiff is seeking to include in the Subpoena.

[4] Under the Subpoena for Documents, "[t]he term 'documents' is used herein in its broadest sense and includes, without limitation, written, recorded, or graphic matter, however produced, including but not limited to, communications, training manuals, videotapes, photographs, memoranda, correspondence, telegrams, memoranda, letters, telecopies, telexes, brochures, licenses, assignments, contracts, agreements, notes, transcripts, précis, outlines, instructions, checks, analyses, projections, charts, graphs, work papers, drawings, designs, diagrams, photographs, films, newspaper clippings, records, reports, studies, advertisements, press releases, or any other writings of any kind including drafts and copies of the foregoing, which by reason of notes, identification marks, or other modifications are not identical to the original. The term also includes any information that is stored or carried electronically (by means of computer equipment or otherwise) and that can be retrieved in visual, printed, audio, or graphic form." Ex. A, p. 11.

corporate records regarding DGS EDU, LLC, by you, any diversion of assets from DGS EDU, LLC, to you, and any use of documents, information, or data obtained from DGS EDU, LLC, to conduct your business activities.

5.     All documents and communications relating to your relationship with Digital Globe Services Ltd., including any financing of you by Digital Globe Services Ltd., any commingling of funds between you, Digital Globe Services Ltd., and any other Digital Globe Services entity, your capitalization by Digital Globe Services Ltd. or any other Digital Globe Services entity, the role of Digital Globe Services Ltd.'s officers and directors in managing you, and any use of documents, information, or data obtained from you or any other Digital Globe4Services entity to conduct Digital Globe Services Ltd.'s business activities.

*See* Ex. 2, Subpoena for Documents. DGS has separately set forth its objections to each of the requests, which objections are attached hereto as **<u>Exhibit 3</u>**, and incorporated herein by this reference.

Similarly, Plaintiff seeks to depose DGS with respect to the following expansive deposition topics:

1.     All discussions between you and any defendant relating to: (a) Plaintiff, (b) the above captioned action, (c) the storage, acquisition, use and sale of lead-related information obtained from Plaintiff, (d) any insurance or indemnity obligations to Ampush or DGS EDU, LLC, (e) any contracts with Ampush or DGS EDU, LLC, (f) exposure under the Telephone Consumer Protection Act of 1991.

2.     Your control over the management and activities of DGS EDU, LLC, including any financing of DGS EDU, LLC, by you, any commingling of your and DGS EDU, LLC's funds, any payment of salaries of DGS EDU, LLC's employees by you, your capitalization of DGS EDU, LLC, your observation of corporate formalities, the role of your officers and directors in managing DGS EDU LLC, your keeping of corporate records regarding DGS EDU, LLC, by you, any diversion of assets from DGS EDU, LLC, to you, and any use of documents, information, or data obtained from DGS EDU, LLC, to conduct your business activities.

3.     Your relationship with Digital Globe Services Ltd., including any financing of you by Digital Globe Services Ltd., any commingling of funds between you, Digital Globe Services Ltd., and any other Digital Globe Services entity, your capitalization by Digital Globe Services Ltd. or any other Digital Globe

        Services entity, the role of Digital Globe Services Ltd.'s officers and directors in managing you, and any use of documents, information, or data obtained from you or any other Digital Globe Services entity to conduct Digital Globe Services Ltd.'s business activities.

4.       All financial reports, statements, or records relating to you, DGS EDU, LLC, and Digital Globe Services Ltd., covering any portion of the period between April 1, 2013 and October 30, 2016, including revenues, expenses, assets, liabilities, and sources of funding for you, DGS EDU LLC, and Digital Globe Services Ltd.

5.       All communications[5] relating to the acquisition of DGS EDU, LLC, or Ampush's educational business unit.

6.       All discussions between You and any third party relating to the sale of Ampush's educational business unit.

7.       Your search for and production of responsive documents and the contents of the documents produced in response to the attached subpoena.

*See* Ex. 2, Subpoena for Documents. DGS has separately set forth its objections to each of the deposition topics, which objections are attached hereto as **Exhibit 4**, and incorporated herein by this reference.

        These requests are not only unduly burdensome because they seek documents not properly the subject of discovery in the current action, but it would take DGS an inordinate amount of time and resources to collect the information requested. *See E.E.O.C. v. Original Honeybaked Ham Co. of Georgia*, No. 11-CV-02560-MSK-MEH, 2012 WL 934312, at *3 (D. Colo. Mar. 19, 2012) ("[W]hen the request is overly broad on its face or when relevancy is not

---

[5] Under the Subpoena for Documents, "[t]he term 'communication' means, unless otherwise specified, any of the following: (a) any written letter, memorandum, or other document, including electronically transmitted documents; (b) any telephone call, whether or not such call was by chance or prearranged, formal or informal; and (c) any conversation or meeting between two or more persons, whether or not such contact was by chance or prearranged, formal or informal." Ex. 2, p. 19.

readily apparent, the party seeking the discovery has the burden to show the relevancy of the request.") (citing *Hammond v. Lowe's Home Ctrs. Inc.,* 216 F.R.D. 666, 670 (D.Kan.2003)).

Likewise, with respect to the scheduled deposition, Plaintiff made no attempt to schedule it on a mutually agreeable date and time with DGS or its counsel. *See* D.C.COLO.LCivR. 30.1 ("Before sending a notice to take a deposition, counsel . . . seeking the deposition shall make a good faith effort to schedule it in a convenient and cost effective manner.").[6] The Subpoena should be quashed on these bases alone. *See* FED. R. CIV. P. 45(d)(3) (the Court may modify or quash a subpoena when it fails to allow a reasonable time to comply and imposes an undue burden or expense).

Moreover, Plaintiff impermissibly seeks a wide range of confidential and privileged information including, among other things, over three years of financial reports and related information (showing revenue, expenses, assets, liabilities, and sources), proprietary business operations and strategy, insurance and indemnity records, commingling of DGS's funds with DGS EDU, and "exposure under the Telephone Consumer Protection Act." *See* Ex. 2, pp. 12-13, 21-22; *see DISH Network*, 2014 WL 1628132, at *3 (D. Colo. Apr. 24, 2014) (protected confidential information "is generally defined as 'important proprietary information that the non-party has historically sought to maintain [as confidential].'") (citing *In re Subpoena of DJO, LLC,* 2014 WL 197721, at *3 (S.D.Cal. Jan. 15, 2014)).  The requests also demand DGS to disclose confidential information related to other third parties, including Digital Global Services, Ltd. and "any other Digital Globe Services entity," and individuals.  Plaintiff cannot demonstrate the

---

[6] DGS's lead counsel, Gregory Kehoe, is not available to attend the noticed deposition for November 2, 2016, due to a two to three week jury trial beginning on October 31, 2016 in the Southern District of New York.

relevance of these requests on a non-party and its need for the confidential information as it pertains to the issues regarding the alleged misappropriation of lead generations as raised in its Amended Complaint.  Accordingly, the Court should quash or modify the Subpoena because it imposes an undue burden, fails to provide a reasonable time to comply, and seeks confidential information.

## CONCLUSION

For the foregoing reasons, DGS respectfully requests the Court to issue an order quashing the Subpoena, staying DGS's discovery obligations, entering a protective order limiting the disclosure of confidential commercial information, and granting such other relief that the Court deems just and proper.

## GOOD FAITH CERTIFICATION

Pursuant to Rule 26(c), Federal Rules of Civil Procedure, and Local Rule of D.C.COLO.LCiv 7.1, on October 28, 2016, the undersigned counsel for DGS conferred with counsel for Plaintiff regarding the issues addressed in this motion.  The parties were unable to agree on the relief requested herein.

Dated:  October 31, 2016.                    Respectfully submitted,

                                             s/ Jeffrey M. Lippa
                                             Jeffrey M. Lippa
                                             Greenberg Traurig, LLP
                                             1200 17th Street
                                             Suite 2400
                                             Denver, CO 80202
                                             Telephone:  (303) 572-6500
                                             Facsimile:   (303) 572-6540

                                             -and-

                                             Gregory W. Kehoe (*pro hac vice* pending)
                                             kehoeg@gtlaw.com
                                             Danielle S. Kemp (*pro hac vice* pending)
                                             kempd@gtlaw.com
                                             Greenberg Traurig, P.A.
                                             101 East Kennedy Blvd., Suite 1900
                                             Tampa, FL 33602
                                             Telephone:  (813) 318-5700
                                             Facsimile:   (813) 318-5900

                                             *Attorneys for Digital Globe Services, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 31, 2016, a copy of the foregoing was filed and served via the Court's CM/ECF filing system, which will send notification to the following:

>Johanna Calabria, Esq.
>Durie Tangri LLP
>217 Leidesdorff St.
>San Francisco, CA 94111
>jcalabria@durietangri.com

<i>s/ Julie Eaton</i>
Julie Eaton