IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-mc-00212-RM-STV

CONNECTUS LLC,
dba EDEGREE ADVISOR,

    Plaintiff,

v.

AMPUSH MEDIA INC., and
DGS EDU, LLC,

    Defendants.

Pending in the United States District Court, Middle District of Florida, Tampa Division

CASE NO.: 8:15-cv-02778-VMC-JSS

_____

**ORDER**
_____

Magistrate Judge Scott T. Varholak

This matter comes before the Court on Non-Party, Digital Globe Services, Inc.'s ("DGS") Motion to Quash Subpoena Duces Tecum and Motion for Protective Order (the "Motion") [#1]. The Court has considered the Motion and related briefing (including supplemental briefing), the case file, and the applicable case law. For the reasons set forth herein, the Court TRANSFERS the Motion to the United States District Court for the Middle District of Florida, Tampa Division, where the underlying action is pending under caption *Connectus LLC v. Ampush Media Inc.*, No. 8:15-cv-02778-VMC-JSS. The Clerk of Court shall administratively close this case, to be reopened only if the United States District Court for the Middle District of Florida, Tampa Division refers a related enforcement matter to this Court under Federal Rule of Civil Procedure 45(f) & (g).

1

I.   **BACKGROUND**

In December 2015, Plaintiff brought an action in the United States District Court for the Middle District of Florida, Tampa Division, seeking damages and injunctive relief for an alleged misappropriation of its lead generation information against Defendants Ampush Media, Inc. ("Ampush") and DGS EDU, LLC ("DGS EDU").  [#1 at 2; #8 at 3]. The instant dispute arises out of Plaintiff's attempt to obtain certain information from DGS, DGS EDU's parent and a non-party to the Florida litigation.  Specifically, Plaintiff issued a subpoena on DGS requiring DGS: (1) to respond and produce responsive documents in Englewood, Colorado on or before October 31, 2016, and (2) appear for a deposition in Englewood, Colorado on November 2, 2016.  [#1 at 2].  The United States District Court for the Middle District of Florida is the issuing jurisdiction for the subpoena.  [#1, Ex. 3].

In response, DGS filed the Motion seeking to quash the subpoena.  [#1]. Because DGS's principal place of business is in Castle Rock, Colorado, and the subpoena seeks compliance in Colorado, the Motion is properly before this Court.  *See* Fed. R. Civ. P. 45(d)(3).  The filing of the Motion stayed the deadlines for responding to the Subpoena.  *See* D.C.COLO.LcivR 30.2(a).  In its Reply in support of the Motion [#13], DGS indicated that it would consent to a transfer of the Motion to the Middle District of Florida.  In an email sent to Chambers today, Plaintiff likewise consented to the transfer.

Meanwhile, the case proceeds in the Middle District of Florida.  Discovery closed on December 5, 2016.  [#8 at 2].  All parties to the action have filed motions to compel discovery, many of which involve issues similar to those involved in the Motion.

## II. ANALYSIS

Federal Rule of Civil Procedure 45(f) allows the court where compliance with a subpoena is required to transfer a motion to quash "if the person subject to the subpoena consents or if the court finds exceptional circumstances." DGS, as the non-party subject to the subpoena, has consented to the transfer. As a result, the Court need not determine whether exceptional circumstances apply.

Transfer of the Motion seems particularly appropriate in this case. First, as indicated above, several discovery-related motions are currently pending before the issuing court. Those motions involve issues similar to the instant Motion. That court, as the court most familiar with the case, seems better situated to address the instant Motion.

Second, discovery has already ended. Were the Court to deny the instant Motion, then additional discovery would necessarily be conducted. Such discovery could impact the deadlines set by the issuing court. Once again, considerations of docket management are better decided by the issuing court.

## III. CONCLUSION

For the foregoing reasons, this Court **ORDERS**[1] that:

(1) Plaintiffs' Motion to Quash [#1] is **TRANSFERRED** to the United States District Court for the Middle District of Florida, Tampa Division,

(2) The hearing set for December 16, 2016 at 11:00 is terminated, and

---

[1] Such transfers constitute non-dispositive matters for purposes of 28 U.S.C. § 636(b). *See San Juan Cable LLC v. DISH Network LLC*, 14-mc-00261-RM-MJW, 2015 WL 500631, at *2 (D. Colo. Jan. 23, 2015) (collecting cases).

(3) The Clerk of Court shall administratively close this case, to be reopened only if the United States District Court for the Middle District of Florida, Tampa Division refers a related enforcement matter to this Court under Federal Rule of Civil Procedure 45(f) & (g).

DATED: December 12, 2016

BY THE COURT:

s/Scott T. Varholak
United States Magistrate Judge